UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI L. GLOVER,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DERRAL ADAMS, Warden<br><br>　　　　Respondent. | Case No. 1:17-cv-00405-DAD-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS TIME-BARRED (ECF NO. 16); AND**<br><br>**(2) DENY PETITIONER'S MOTION TO STAY AS MOOT (ECF NO. 2)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Derral Adams, Warden of Central California Women's Facility, is represented by Justain P. Riley of the Office of the California Attorney General.

**I.　　Procedural History**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Kern for first degree murder by lying in wait. (Lodged Doc. 1.) On October 1, 2012, she was sentenced to a state prison term of life without the possibility of parole. (Id.)

On January 27, 2015, the California Court of Appeal for the Fifth Appellate District struck a parole revocation fine but otherwise affirmed the judgment. (Lodged Doc. 2). The California Supreme Court denied review on April 29, 2015. (Lodged Docs. 3-4.)

Petitioner proceeded to file three petitions for writ of habeas corpus in the California state courts as follows[1]:

1. <u>Kern County Superior Court</u>
   Filed: July 5, 2016;
   Denied: October 12, 2016;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: November 11, 2016;
   Denied: January 12, 2017;

3. <u>California Supreme Court</u>
   Filed: February 23, 2017;
   Denied: May 17, 2017.

(Lodged Docs. 5-10.)

On March 9, 2017, Petitioner filed the instant federal petition for writ of habeas corpus, as well as a motion to stay the petition and hold it in abeyance pending resolution of her petition in the California Supreme Court.[2] On June 21, 2017, Respondent filed a motion to dismiss. (ECF No. 16.) On July 7, 2017, Petitioner filed an opposition. (ECF No. 19.) On July 14, 2017, Respondent filed a reply. (ECF No. 21.) The matter stands ready for adjudication.

## II. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

[2] Although docketed on March 13, 2017, the petition and motion are deemed filed on March 9, 2017 pursuant to the mailbox rule. <u>See</u> supra n.1.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.    Statute of Limitations**

    **A.    Commencement of the Statute of Limitations**

The instant petition was filed on February 12, 2017, and is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). AEDPA imposes a one-year statute of limitations on state prisoners seeking to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).  The commencement of the statute of limitations is governed by section 2244(d)(1).

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins to run on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review.[3] Here, the California Supreme Court denied review on April 29, 2015. (Lodged Doc. 4.) The state appeal process became final ninety days later, on July 28, 2015, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on July 29, 2015. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under § 2244(d)(1)(A), the last day to file a federal petition was July 28, 2016, absent any applicable tolling. However, Petitioner delayed in filing the instant petition until March 9, 2017, more than seven months after the statute of limitations period expired. Thus, absent any applicable tolling, the instant petition is time-barred.

**B.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year

---

[3] Petitioner does not set forth any facts to trigger an alternate commencement of the statute of limitations under 28 U.S.C. § 2244(d)(B)-(D) and the Court finds nothing in the record entitling her to a later start date.

4

limitation period. Thus, the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

However, the statute of limitations is not tolled during the period between finality of direct review and the filing of an application for post-conviction relief. Nino, 183 F.3d at 1007. Here, Petitioner filed her first state habeas petition on July 5, 2016. (Lodged Doc. 5.) Thus, 342 days of the limitations period expired before Petitioner filed her first state petition.

Petitioner appears to be entitled to tolling of 192 days from the date the first state petition was filed – July 5, 2016 – through the date the second petition was denied – January 12, 2017. This interval tolling extends the statute of limitations from July 28, 2016 through February 5, 2017. See Carey, 536 U.S. at 216.

However, Petitioner is not entitled to interval tolling for the time period between the denial of her second petition and the filing of her third petition, nor is she entitled to statutory tolling for the time the third petition was pending before the California Supreme Court. This is because Petitioner's third petition was denied by the California Supreme Court as follows: "The petition for writ of habeas corpus is denied. (See In re Robbins (1998) 18 Cal.4th 770, 780.)" (ECF No. 10.) The court's citation to Robbins indicates that the California Supreme Court determined that the petition was not timely filed. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (holding that a citation to page 780 of the Robbins decision is a "clear ruling" that the petition was untimely). The California Supreme Court's determination that the petition was untimely is dispositive of this question. Pace v. DiGuglielmo, 544 U.S. 408, 414-15 (2005); Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) ("A California court's determination that a filing was untimely . . . is dispositive." Thus, Petitioner's third habeas petition "must be treated as improperly

filed, or as though it never existed for purposes of section 2244(d)." Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011). It cannot extend the limitations period beyond February 5, 2017.

Petitioner argues that the California Supreme Court's determination of untimeliness should not be applied to her. (ECF No. 19 at 2-3.) She points out that she filed her California Supreme Court petition less than sixty days after the denial of her Court of Appeal petition. However, this Court need not determine whether the California Supreme Court's determination of untimeliness was based on the 42-day interval between the disposition of her second petition and the filing of her third petition, or the 433-day interval between the disposition of her direct appeal and the filing of her first petition.[4] Either way, the California Supreme Court's determination is "the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414-15 (internal quotation marks omitted). Furthermore, Petitioner's citation to the law of procedural default, which requires adequate and consistent application of procedural bars to federal habeas review, is not relevant to the statute of limitations analysis. White v. Martel, 601 F.3d 882, 884 (9th Cir. 2010) ("[T]he adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of § 2244(d)(2)."). Thus, the Court cannot excuse untimely filing on the grounds articulated by Petitioner.

Under the most generous view of Petitioner's filings, the statute of limitations expired on February 5, 2017, a Sunday. The last day to file Petitioner's federal habeas petition was therefore Monday, February 6, 2017. Petitioner did not file her petition until March 9, 2017, more than a month later. Even with the benefit of statutory tolling, the petition is untimely.

---

[4] The Court notes, however, that if the California Supreme Court decision rested on the latter interval, none of the state court petitions were properly filed, Petitioner would not be entitled to any statutory tolling, and the statute of limitations would have expired on July 28, 2016. See Thorson, 479 F.3d at 645.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010) (citation omitted). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Here, Petitioner does not set forth any facts or argument to suggest she is entitled to equitable tolling and the Court finds nothing in the record entitling her to equitable tolling.

To the extent Petitioner claims she should be entitled to equitable tolling because she lacks knowledge of the law or misunderstood California's timeliness requirements, her claim for equitable tolling fails. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances and lack of knowledge of the law are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, her ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

### E. Conclusion

Petitioner failed to file the instant petition within the one year limitations period required by 28 U.S.C. § 2244(d). The petition remains untimely even with the benefit of statutory tolling. Furthermore, Petitioner is not entitled to the benefit of equitable tolling.

Accordingly, the motion to dismiss should be granted and the petition should be dismissed as time-barred.

## IV. Motion to Stay and Abey

Upon filing the petition, Petitioner moved to stay the case and hold it in abeyance

7

pending resolution of her petition in the California Supreme Court. (ECF No. 2.) However, the Court has concluded that the petition is untimely and should be dismissed. Accordingly, there would be no purpose in granting a stay of proceedings. The motion to stay is moot.

### III.     Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED;
2. Petitioner's motion to stay be DENIED; and
3. The petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   July 22, 2017                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE